FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22  AM 11:31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESUS CARMONA                                    CIVIL ACTION

VERSUS                                           NO. 05-0848

O. KENT ANDREWS, WARDEN                          SECTION "M"(2)
ALLEN CORRECTIONAL CENTER

# REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error,

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

this petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

I. STATE COURT PROCEDURAL BACKGROUND

The petitioner, Jesus Carmona, is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] Carmona filed this petition pursuant to 28 U.S.C. § 2241 challenging his release on good-time "as if on parole," his arrest for violation of that parole and the subsequent revocation proceedings. Although the respondent references the state administrative and court records in its opposition memorandum, no such records were provided in this case.[3] However, the relevant state records were presented in their entirety in connection with Carmona's prior habeas petitions in Civil Action Numbers 02-1535 c/w 04-0924"M"(2), and are contained as exhibits to Record Document Number 10 in Civil Action Number 02-1535"M"(2). I have used the state court records contained in the prior federal record, as previously outlined in the Report and Recommendation issued in connection therewith, to provide the procedural history for this case.[4]

---

no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 22. At the time of the filing of the petition, Carmona was housed in the Allen Correctional Center in Kinder, Louisiana. Rec. Doc. No. 1.

[3]Rec. Doc. No. 37.

[4]Rec. Doc. No. 49 (02-1535).

The relevant factual history related to Carmona's present confinement was summarized by the Louisiana First Circuit Court of Appeal in his administrative appeal proceedings as follows:

> Jesus Carmona was found guilty of two counts of armed robbery, in violation of La. R.S. 14:64, and on April 24, 1984, he was sentenced to serve twenty-five years at hard labor in the custody of the Department of Corrections on each count, with the sentences running concurrently. Carmona was released on June 14, 1996 after diminution of his sentence for good behavior, in accordance with La. R.S. 15:571.5 ["good-time"].[5] Carmona apparently moved to Minnesota in July 1999 without the permission of his parole officer, and was arrested for violating the conditions of his parole on May 21, 2000. Carmona was later extradited back to Louisiana, where his parole was revoked and he was reincarcerated to serve the remainder of his original twenty-five year sentence.

(footnote in original) Carmona v. State, 838 So.2d 940 (La. 1st Cir. 2003) (Table); Civ. Action No. 02-1535, Rec. Doc. No. 27, Exhibit, 1st Circuit Opinion, p. 2, 2002-CA-0253, 2/14/03.

An arrest warrant was issued for Carmona by the Louisiana Board of Parole on January 5, 2000, after Carmona moved to Minnesota without permission.[6] Carmona was extradited to Louisiana on or about February 12, 2001.[7] While in Minnesota, Carmona

---

[5] "Apparently, Carmona was eligible for release because of diminution of his sentence several months prior to his actual release, but he refused to sign the parole supervision form required by La. R.S. 15:571.5, so he remained in prison until he signed the form."

[6] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 2, Exhibit D, Arrest Warrant, 1/5/00; Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Activity Report, 12/20/99.

[7] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Transfer Record Inquiry, p. 2, 10/1/02.

sought relief from the extradition through the Minnesota state and federal courts but did not obtain relief.[8]

His parole was revoked at a hearing before the parole board on March 9, 2001, at which he was present, and he is now serving the remainder of his original 25-year prison sentence.[9] On March 19, 2001, Carmona was again authorized to receive good-time credits during his current incarceration.[10] He now has an expected full term release date of June 16, 2012, and a good-time release eligibility date of December 9, 2006.[11]

In the meantime, on September 29, 2000, while still housed in Minnesota, Carmona filed a petition in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, seeking a permanent injunction against the State of Louisiana and the Louisiana Department of Corrections to prevent extradition and revocation of his parole.[12] Carmona alleged that he was being denied his full good-time release credits

---

[8] See Rec. Doc. No. 31 (No. 02-1535), Exhibit K; Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Letter from Crow Wing County, 1/30/01.

[9] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 28, Exhibit M, Application for Parole Rehearing, 3/22/02; Fed. Rec. Vol. 1 (No. 02-1535) Rec. Doc. No. 10, St. Rec. Vol. 1 of 4, La. S. Ct. Writ Application, p. 19; Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Parole Revocation Decision, 3/9/01, Parole Revocation Questionnaire, 3/7/01.

[10] Rec. Doc. No. 31 (No. 02-1535), Exhibit A, Good Time Rate Option and Approval Form, 3/19/01.

[11] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Master Record Inquiry, 10/1/02.

[12] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 3 of 4, Petition for Permanent Injunction, 9/29/00.

4

because of Louisiana's parole requirement. He later amended the petition on June 21, 2001, to include a request for habeas corpus relief after his parole was revoked on March 9, 2001.

The State filed exceptions of no cause of action, no right of action and prematurity.[13] On September 17, 2001, a commissioner in the state district court held a hearing on Carmona's injunction request.[14] In a report issued September 25, 2001, the commissioner determined that Carmona failed to set forth the requirements for injunctive relief.[15]

The commissioner also held that Carmona was not under duress to sign the parole agreement to obtain his good-time release because Louisiana law allows the individual to choose continued confinement. The commissioner also rejected as meritless Carmona's claim that he could not be released on parole because his original armed robbery sentence was without benefit of parole, noting the differences between discretionary parole and the parole conditions imposed upon good-time release. Finally,

---

[13]Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 3 of 4, Peremptory Exception of No Cause of Action, No Right of Action and Prematurity, 1/24/01.

[14]Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 3 of 4, Minutes of Court, 9/17/01.

[15]Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 3 of 4, Commissioner's Report, 9/25/01.

the commissioner recognized that Carmona's due process rights were protected through the revocation process and that he had not actually challenged the hearing.

After considering Carmona's objections, the state district court entered judgment on October 22, 2001, dismissing Carmona's suit with prejudice.[16]

Three months later, on January 19, 2002, Carmona filed a writ application in the Louisiana Supreme Court raising four grounds for review:[17] (1) The state district court erred in denying injunctive and habeas corpus relief without a hearing. (2) Louisiana law which creates a contractual agreement that places an inmate on good-time release as if on parole violates the Constitution. (3) The parole board did not have authority to issue the arrest warrant without a probable cause hearing or effect the extradition without a determination by a judge or magistrate judge. (4) The parole board committed manifest error when it pre-signed and adjudicated his guilt of a parole violation before a hearing was held. The application was denied without reasons by the Louisiana Supreme Court on November 27, 2002.[18]

Carmona also filed a writ application in the Louisiana First Circuit Court of Appeal on February 11, 2002, four months after the state trial court entered its judgment

---

[16] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 3 of 4, Judgment, 10/22/01.

[17] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 1 of 4, La. S. Ct. Writ Application, 02-CI-214.

[18] Carmona v. State, 831 So.2d 271 (La. 2002).

and during the pendency of the above mentioned writ application in the Louisiana Supreme Court.[19] This writ application raised the same four assignments of error that were presented to the Louisiana Supreme Court in Writ No. 2002-CI-0214.

On February 14, 2003, the Louisiana First Circuit affirmed the judgment of the 19th Judicial District Court.[20] The court held first that Carmona was given an adequate hearing on his petition by the commissioner in the state district court. Second, the court held that Carmona did not have a liberty interest in being released early without restrictions, citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Further, the court held that the state did not create such an expectancy through its good-time release laws and therefore Carmona failed to establish a substantive due process violation.

As to the third claim, the court held that the parole board had the statutory authority under state law to issue the arrest warrant and cause his extradition when there was reasonable cause to believe that the conditions of parole were violated. The court found his fourth claim meritless, since there was no evidence that Carmona was denied a revocation hearing and there is otherwise no appeal from a parole board ruling.

---

[19]Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 2 of 4, 1st Cir. Writ Application, 2002-CA-253, 2/11/02.

[20]Carmona v. State, 838 So.2d at 940; Rec. Doc. No. 27 (C.A. 02-1535), Exhibit, 1st Circuit Opinion, p. 2, 2002-CA-0253, 2/14/03.

On March 27, 2003, Carmona filed a "Motion for Production of the Entire Court of Appeal's Records That was Used on Appeal" in the Louisiana Supreme Court.[21] Carmona alleged that he was entitled to a full copy of the record from the state district court and court of appeal and an extension of time to prepare adequately and file an application for writ of certiorari from the appellate court's ruling. Carmona did not seek substantive review of his claims in that writ application. On August 20, 2004, the Louisiana Supreme Court denied the request without reasons.[22]

During the pendency of these matters, Carmona returned to the 19th Judicial District Court on November 27, 2001, to file a civil rights action seeking damages, declaratory relief and injunctive relief against the State, the Department of Corrections, the parole board and a myriad of state officials for their respective roles in the enforcement of the allegedly illegal good-time release as if on parole and in his subsequent arrest and revocation process.[23]

---

[21] Rec. Doc. No. 27 (C.A. 02-1535), Exhibit, La. S. Ct. Writ Application, 03-KH-879 a/k/a 03-CI-0879, 3/27/03.

[22] The record does not contain a copy of this order nor has the opinion been released to the electronic research services. The resolution information was obtained from the clerk of the Louisiana Supreme Court.

[23] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Civil Rights Action, 11/27/01.

The commissioner held a hearing on April 30, 2002 on "the issues regarding the validity of parole and the parole revocation."[24] On May 13, 2002, the commissioner issued a report extensively outlining the history of Louisiana's good-time statutes. He also addressed five claims he discerned from Carmona's pleadings, including (1) false imprisonment; (2) breach of contract; (3) ex post facto application; (4) denial of equal protection; and (5) parole revocation errors. The commissioner addressed the fifth claim in multiple parts, including (1) invalid arrest warrant, (2) denial of due process in the revocation process, including (a) denial of a pre-revocation hearing, (b) falsified affidavits for arrest, (c) denial of the right to counsel, (d) failure to give written reasons for revocation, and (e) failure to allow witnesses.

The commissioner resolved that all of Carmona's claims were without legal and/or factual basis and recommended that the petition be dismissed with prejudice as frivolous. After reviewing Carmona's objections, the state district court entered judgment accordingly.[25] Carmona did not appeal from or seek further review of this judgment.[26]

---

[24]Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Commissioner's Report, p.1, 5/13/02.

[25]Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Judgment, 6/20/02.

[26]The record reflects that Carmona filed two applications for writ of mandamus in the Louisiana First Circuit Court of Appeal related to this matter. Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. No. 10, St. Rec. Vol. 4 of 4, Carmona v. 19th Judicial District Court, 1st Cir. Order, 2002-CW-0882, 5/20/02; Rec. Doc. No. 31 (C.A. 02-1535), Exhibit, Carmona v. 19th Judicial District Court, 1st Cir. Letter, 2002-CW-1149, 5/30/02.

## II. PRIOR FEDERAL HABEAS PETITIONS

Carmona previously filed two federal habeas corpus petition pursuant to 28 U.S.C. §2241, challenging the legality of his good-time release "as if on parole." Carmona raised seven grounds for relief in his petitions:[27] (1) The state courts violated his constitutional right to an adequate remedy through habeas corpus because the courts were biased in favor of the State and by failing to consider the fact that his discharge date was changed, thereby extending his detention beyond his original sentence. (2) The state courts have effectively suspended the writ of habeas corpus in spite of his allegedly illegal arrest and unlawful custody as a result of his improper parole requirements and contrary to his binding contract for full release upon earning good-time credits. (3) The unconstitutional suspension of the writ warrants his immediate release. (4) The parole board was without authority to issue the arrest warrant. (5) The State has breached its contract with him to give full credit for good-time earned in lieu of incentive pay. (6) The parole board held a revocation hearing without his presence. (7) The extradition was improper because it occurred without a probable cause hearing before a judicial officer.

On September 29, 2004, the Court dismissed the petitions without prejudice for failure to exhaust state court remedies regarding the first three claims raised.[28]

---

[27] Rec. Doc. No. 1 (C.A. 02-1535); Rec. Doc. No. 1 (C.A. 04-0924).

[28] Fed. Rec. Vol. 1 (No. 02-1535), Rec. Doc. Nos. 10 (Exhibit folder), 53 (Order), 54 (Judgment).

III. <u>CURRENT FEDERAL PETITION</u>

On March 18, 2005, Carmona filed the instant federal habeas corpus petition pursuant to 28 U.S.C. §2241, challenging the legality of his good-time release "as if on parole." Carmona raises eight grounds for relief in this petition:[29] (1)(a)Petitioner's custody violates his protected due process liberty interest rights under state law and his contractual agreement made and approved by the State of Louisiana; (b) the purchase of good time credit in lieu of incentive wages violated the federal and state constitutions and state law. (2) Petitioner's custody violated due process liberty interest rights under ex post facto clauses of the federal and state constitutions when the State subjected the petitioner to parole supervision upon his good time release. (3) Petitioner's custody violates statutory laws which prohibit the granting of probation, parole and suspension of sentence by the Louisiana Parole Board, in violation of the constitution. (4) Petitioner's custody violates his due process liberty interest rights to diminution of sentence and contractual agreements because the State is compelling him without legal authority to forego parole supervision in lieu of his fully earned and purchased diminution of sentence credits in violation of the constitution. (5) Petitioner's custody is unconstitutional because he was arrested and extradited from the State of Minnesota without allowing him to exhaust state and federal judicial remedies before being brought

---

[29]Rec. Doc. No. 1.

11

to Louisiana in violation of the due process clause. (6) Petitioner's custody violates his due process right to a jury trial before any imprisonment is imposed and, where on March 9, 2001, the parole board sentenced him to serve 12 years and 26 days in prison without petitioner being charged with a crime. (7)(a) Petitioner's custody is illegal and unconstitutionally invalid where his arrest and confinement is solely inflicted by an arrest and extradition warrant issued by the Louisiana Parole Board which has no authorization of jurisdiction over the petitioner; (b) the State fraudulently created a parole documentation and altered his certificate of diminution of sentence subjecting petitioner to false arrest and false imprisonment. (8) The State of Louisiana violated petitioner's due process rights to a determinative sentence where the State amended, altered and changed the petitioner's original full term date of 25 years from 2008 to 2012, of a past and fully completed sentence imposed on April 24, 1984 on a 1983 criminal charge and arrest.

The State argues in its response that Carmona has failed to exhaust state court remedies with regard to some of the claims raised in this petition.[30] Carmona filed several replies to the State's opposition challenging the State's exhaustion defense by emphasizing the claims raised in his state court and administrative proceedings.[31]

---

[30]Rec. Doc. No. 37.

[31]Rec. Doc. No. 40, 43, 73.

IV.   NATURE OF THE CURRENT PETITION

When a state prisoner challenges unconstitutional parole procedures or rules which affect his release, and resolution would entitle him to accelerated release, the challenge is properly brought as a habeas corpus proceeding. Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998). A challenge to execution of sentence, as opposed to its duration, is appropriately brought under Section 2241. Id., at 490; see also, Batiste v. State Bd. of Pardon and Parole, 1999 WL 102027 at *1 (E.D. La. 1999) (quoting King v. Lynaugh, 729 F. Supp. 57, 58 (W.D. Tx. 1990)); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under Section 2241 are used to attack execution of a sentence); Hall v. Saffle, 10 Fed. Appx. 768, 2001 WL 589514 at **2 (10th Cir. May 31, 2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under Section 2241).[32]  Thus, Carmona's petition is properly addressed pursuant to the standards applicable to Section 2241 petitions.

V.   EXHAUSTION OF STATE COURT REMEDIES

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in

---

[32] Accord Felker v. Turpin, 518 U.S. 651 (1996) (challenges to judgments of conviction brought by state prisoners in state custody are to be brought pursuant to §2254); Story v. Collins, 920 F.2d 1247, 1250 (5th Cir. 1991) (A prisoner may bring a claim to receive good conduct time under §2254); Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003) ("All" post-conviction claims by prisoners in custody pursuant to a state court judgment must be brought under §2254).

13

the state court or by some other state procedures available to the petitioner. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973). The exhaustion doctrine applied to Section 2241(c)(3) is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Within the context of a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975).

Based on my review of the entire record, Carmona still has not exhausted state court remedies as to all of his claims raised in this federal petition. A careful reading of the federal pleadings and the one substantive writ application filed in the Louisiana Supreme Court, Writ No. 2002-CI-0214, reflects that Carmona has failed to present five of his federal claims to the Louisiana Supreme Court. Those claims are as follows: (1)(a)Petitioner's custody violates his protected due process liberty interest rights under

state law and his contractual agreement made and approved by the State of Louisiana. (3) Petitioner's custody violates statutory laws which prohibit the granting of probation, parole and suspension of sentence by the Louisiana Parole Board, in violation of the constitution. (5) Petitioner's custody is unconstitutional because he was arrested and extradited from the State of Minnesota without allowing him to exhaust state and federal judicial remedies before being brought to Louisiana in violation of the due process clause. (7)(b) the State fraudulently created a parole documentation and altered his certificate of diminution of sentence subjecting petitioner to false arrest and false imprisonment. (8) The State of Louisiana violated petitioner's due process rights to a determinative sentence where the State amended, altered and changed the petitioner's original full term date of 25 years from 2008 to 2012, of a past and fully completed sentence imposed on April 24, 1984 on a 1983 criminal charge and arrest.

    Carmona has not presented these allegations to the Louisiana Supreme Court in his only substantive writ application to that court. The clerk of the Louisiana Supreme Court has verified that Carmona has not filed any other writ applications in that Court since the filing of his prior federal petitions in Civil Action Numbers 02-1535 c/w 04-0924"M"(2).[33] Carmona, therefore, has not exhausted his claims because the highest state court has not had an opportunity to consider these alleged violations of his constitutional rights.

---

[33] Rec. Doc. No. 45.

The interests of comity recognized in both <u>Braden</u> and <u>Dickerson</u> would best be served by requiring Carmona to present his claims to the state's highest court in a procedurally proper manner. The record discloses no good cause for Carmona's failure to exhaust these claims and this court can find none from the record. <u>Rhines v. Weber</u>, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005).

Therefore, this mixed petition containing both exhausted and unexhausted claims should be dismissed without prejudice to require petitioner to complete exhaustion of state court remedies. <u>Pliler v. Ford</u>, 542 U.S. 225, 233 (2004) (quoting <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982)).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Jesus Carmona for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this **22** day of February, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE